959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Lee SMITH, Plaintiff-Appellant,
v.
Lynn GREEN, M.D.; Haresh B. Pandya, M.D.; Ellen Case;
Mike Rynd; Carol Gilchrist; Margaret Scheurer,
Defendants-Appellees.
 No. 92-1028.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1992.
 
 1
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 In this § 1983 pro se, prisoner action for compensatory damages, a Michigan prisoner, Richard Lee Smith, appeals the district court's order entering summary judgment in favor of the Deputy Director of the Michigan Department of Corrections, a physician at the Ionia Maximum Correctional Facility (IMCF), two nurses at IMCF, and the IMCF barber. Additionally, he requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Smith's complaint alleged that on October 7, 1991, defendant Gilchrist ordered Smith to undergo treatment for lice which included a haircut to one-half inch. Smith asserted he did not have lice, but rather only skin flakes. He claimed the lice treatment was racially motivated.
 
 
 4
 Defendants filed a motion for summary judgment and Smith filed a response. A magistrate judge issued a report recommending that defendants' motion be granted, finding that Smith had no arguable Eighth Amendment claim arising from the lice treatment. Despite Smith's timely objections, the district court entered an opinion and order adopting the magistrate judge's report and dismissing Smith's complaint. Smith's subsequent motion for reconsideration was denied in an opinion and order filed November 25, 1991.
 
 
 5
 Upon review, we conclude that summary judgment for the defendants was proper in this case as there were no genuine issues as to any material fact and the defendants were entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The defendants presented sufficient, unrebutted evidence showing that they were not deliberately indifferent to Smith's rights and that the lice treatment was not racially motivated. See Wilson v. Seiter, 111 S.Ct. 2321, 2324-27 (1991); Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977). By cutting Smith's hair, defendants were justified in their actions to protect both Smith and the entire prison population at IMCF.
 
 
 6
 Additionally, even if the nurse's opinion was inaccurate and treatment was unsuccessful, mere negligence or allegedly poor medical judgment do not constitute cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 7
 Accordingly, the request for counsel should be denied and the district court's order should be affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation